Wrenn, Daniel M., J.
The plaintiff, Commerce Insurance Company has brought the present action against three defendants those being Hyannis Nissan, Inc., and Balise Nissan of Cape Cod those entities being the local Nissan dealership and Nissan North America, Inc. the manufacturer of the vehicle in question and the so called parent corporation.
The legal status by which Commerce brings the present action is pursuant to a subrogation provision in its insurance agreement with its insured Gary Campagna relative to a fire damage claim paid out by Commerce to Mr. Campagna. Specifically Mr. Campagna in order to have his vehicle serviced at the local dealership left his vehicle at a designated drop off area on May 30, 2006 and placed his key in the “drop box.” Thereafter at approximately 3:00 a.m. on May 31, 2006, the Barnstable police received a call that a car was on fire. Subsequent to the investigation it was determined that the car was indeed Mr. Campagna’s car and as a consequence of the damage caused by the fire Commerce made payment to its insured and brought the present action against the three named defendants.
Specifically at counts XV, XVI, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV and XXV, the plaintiff alleges that as a result of a variety of cause of actions, Nissan North America is responsible to reimburse Commerce the monies paid to its insured as well as to reimburse the insured its $500 deductible. The claims asserted by Commerce as against Nissan North America are claims based on a bailment action, a claim for negligence, a claim for breach of warranty that is a product defect and a claim for quantum meruit.
The defendant Nissan North America has denied any legal responsibility for payment to Commerce based on the cause of actions alleged and further has brought a motion for sanctions against the plaintiff based on a legal theory of spoliation.
Specifically, Commerce commissioned a fire cause and origin expert S.D. Lyons who inspected the vehicle on August 3, 2006. Subsequent to the inspection and based in part on the inspection, Mr. Lyons concluded that the fire was caused by an electrical malfunction in the subject vehicle. In addition Commerce also commissioned an appraiser Robert Kelly of Bay State Appraisal service who conducted an appraisal of the vehicle on June 5,2006. Commerce thereafter sold the subject vehicle as salvage on July 12, 2006 and as reported in the publically available Carfax report the vehicle was reported to be at an automotive recycling facility as of August 3, 2006 such that thereafter the vehicle was no longer available for any further inspection.
It is further an agreed and stipulated fact that at no time prior to that August 2006 date did Commerce notify Nissan North America directly of the overall general claim in this matter nor did Commerce specifically provide Nissan North America with notice of the fact that an expert had been retained and inspected the subject vehicle and further no notice was provided to Nissan North America of their need to conduct an inspection since the subject vehicle would shortly be destroyed.
The plaintiff in its written materials and at oral argument argued the position that notice of the fire to the local dealership defendants and correspondence as well as telephone discussions between Commerce, the local dealerships and the insurer for the local dealerships was sufficient and proper notice to Nissan North America. The court does not find that reasoning and position appropriate in the circumstances since Nissan North America which is in the business of manufacturing and distributing automobiles is a separate and independent corporation from the two local dealerships and at no time did Nissan North America have an agency status with the two subject dealerships nor did Nissan North America have any control or direction over the degree of care that those dealerships exercise in storing or keeping vehicles for third parties. Thus, as of the time that Nissan North America was served with the amended complaint on July 10, *374 2009 it is agreed that the subject vehicle was no longer in existence and therefore Nissan North America does not have the ability to conduct its own inspection of the vehicle.
SPOLIATION
The doctrine of spoliation permits the imposition of sanctions and remedies against a party who is found responsible for the destruction of evidence in civil litigation. It is based on the principle that a party who has negligently or intentionally lost or destroyed evidence known to be relevant for an upcoming legal proceeding should be held accountable for any unfair prejudice that results. Keene v. Brigham and Women’s Hospital Inc., 439 Mass. 223, 234 [2003]. Spoliation does not include a fault free destruction or loss of physical evidence. Kipenham v. Chalk Services, Inc., 428 Mass. 124, 126 [1998].
Because, in the present action the loss of the subject vehicle is not a case of fault free destruction, the appropriate remedy depends on the significance of that which has been lost or destroyed, i.e., the ability of the defendant Nissan North America to conduct an inspection and analysis of the subject vehicle both to determine its own theories as to the cause of the subject fire and property damage as well as to examine the veracity of the plaintiffs expert opinions.
In the present case the plaintiff Commerce in order to meet one of its legal burdens of proof secured an expert in fire cause and origin to inspect the subject vehicle. That inspection occurred sometime between the date of the fire and the destruction of the vehicle on August 3, 2006. That evidence as presented by the expert is an essential element for the plaintiff on its causes of action based in negligence and breach of warranty. The plaintiff through counsel at oral argument conceded that if the plaintiff did not have that evidence to proffer at trial the plaintiff would not be able to meet its burden of proof on its claims that assert a cause of action based on negligence and/or breach of warranty. Likewise the defendant Nissan North America in order to properly defend this action will need to first cross examine and analyze the opinions proffered by the plaintiffs expert and also retain its own expert on the issue of fire cause and origin to counter the positions offered by the plaintiff.
At this time based on the affirmative conduct of Commerce in securing its own expert inspection and thereafter in a period of less than one month disposing of the subject vehicle the defendant Nissan North America had been unfairly deprived of the ability to have its own expert examine and inspect the subject vehicle. It is of import to note that Commerce and its insured as the entities that held legal title to the subject vehicle had it fully and fairly within its control to keep the subject vehicle available for inspection not only by the defendant Nissan North America but by all defendants in this matter. In addition as contained in the stipulated facts Commerce sold the subject vehicle for some $3,800 such that it can hardly be seen as a burden or hardship on Commerce to have retained the vehicle and foregone the $3,800 payment so as to fairly preserve the vehicle for inspection by any potential defendants in this matter. Clearly, Commerce Insurance is a very sophisticated insurance company, knew and understood the necessity of having a good and thorough inspection of the vehicle by a competent expert such that Commerce undoubtedly knew that any prospective defendant would also need that same full and fair opportunity as well.
Thus, the court finds that Commerce intentionally went forward and sold the subject vehicle when it clearly knew or at the very least should have known that the vehicle would be needed by potential defendants for inspection should Commerce decide as it did to pursue an action to recover monies paid as a result of the fire loss. Commerce cannot in this instance have it both ways that is have its expert be given full and fair opportunity to inspect the vehicle and not allow any potential defendants the same full and fair opportunity. Thus, this case clearly falls within the categoiy of cases where there has been a fault based destruction or loss of the physical evidence that being the subject vehicle with the fault squarely lying with the plaintiff, Commerce Insurance.
Thus, the next issue pertains to the appropriate sanction to deal with the unfair prejudice and circumstances that follow from the plaintiffs spoliation conduct. As a general rule a court should impose the least severe sanction necessary to remedy the prejudice to the non-spoilating party. Fletcher v. Dorchester Mutual Insurance Company, 437 Mass. 544 [2002]. In this case the most appropriate sanction to be employed is a sanction that prevents the plaintiff from offering any expert testimony from its expert witness on fire cause and origin since the expert’s opinion is based on his inspection of the subject vehicle and it is impossible to remove that expert’s opinion from his inspection since his ultimate opinion of the cause of the fire is based on his unique inspection of the vehicle and the results therefrom. In addition, as noted earlier, it is of import that the choice made as to the timing of the inspection and the decision to dispose of the vehicle for what is a fairly minor monetary gain on the part of Commerce were intentional decisions that Commerce made with full knowledge that the vehicle would be needed for a subsequent inspection by potential defendants in this matter. It is further of import that at the time Commerce made its decision to sell the vehicle and recover some $3,800, it knew full well based on its own investigation that it would in fact be pursuing a lawsuit and/or claim against the defendants in the present action. Thus, the only fair and adequate sanction to address the conduct of Commerce in this spoliation claim is to preclude Commerce from utilizing the cause and origin fire experts identified in the pretrial conference memoranda and to preclude any such testimony being offered by the plaintiff at trial.
*375 BAILMENT COUNT XVI
In order to be successful in its claim of bailment the plaintiff must demonstrate that the defendant Nissan North America was a person to whom the subject property was delivered in trust for a specific purpose with the understanding that the property would be returned when the purpose was accomplished. King v. Trustees of Boston University, 420 Mass. 52 [1995]. In the present case it is stipulated and agreed in the undisputed material facts that Nissan North America is a corporation incorporated under the laws of California, is a business engaged in the manufacture and distribution of automobiles and at all times relevant to this lawsuit had no control or direction over the degree of care exercised by the local dealership corporations in storing or keeping vehicles for third parties. In addition it is further undisputed that the two dealership corporations are not and never have been an agent, legal representative or servant of Nissan North America. Thus, the plaintiff is unable to meet its legal burden in pursuing successfully a cause of action against Nissan North America based on a theory of bailment. Thus, the defendant Nissan North America is entitled to a summary judgment finding on Count XVI of the amended complaint.
NEGLIGENCE, BREACH OF EXPRESS CONTRACT, BREACH OF EXPRESS AND IMPLIED WARRANTY, BREACH OF IMPLIED CONTRACT AND QUANTUM MERUIT AND NEGLIGENT MANUFACTURE, COUNTS XV, xvm, xk, xx, xxi, xxiii, xxra, xxrv and xxv
Each of the legal cause of actions alleged in the above entitled and referenced accounts require that the plaintiff present the expert evidence of the cause and origin of the fire that resulted in the property damage to the subject vehicle. The parties at oral argument both conceded through counsel that without such expert testimony the plaintiff is unable to meet its burden of proof as to each of the above referenced claims cited and set forth in the amended complaint.
Accordingly, as a sanction for Commerce Insurance’s conduct in destroying the subject vehicle based on a finding of spoliation, Commerce is precluded from offering any such expert testimony at trial. Thus, Commerce will not be able to meet its legal obligations in producing evidence on that subject matter at trial. Thus, the defendant Nissan North America is entitled to summary judgment as to each of those counts.
CONCLUSION
Based on the above court findings and analysis the defendant Nissan North America’s Motion for Sanctions based on a theory of spoliation is ALLOWED. The sanction employed based on the plaintiffs conduct is the plaintiff is precluded from offering expert testimony at trial on the issue of the fire’s cause and origin through its identified and retained expert in this matter. The plaintiffs Motion for Summary Judgment as to Count XV, XVI, xvm, XIX, XX, XXI, XXII, XXIII, XXTV and XXV are ALLOWED. Thus, as this summary judgment establishes ajudgment of dismissal as to all counts as against the defendant Nissan North America, Inc. the plaintiff s Amended Complaint as against Nissan North America, Inc. is hereby DISMISSED.